# THE BOSTANY LAW FIRM

40 WALL STREET

61ST FLOOR

NEW YORK, NEW YORK 10005-1304

TEL: 212-530-4400

FAX: 212-530-4488

NEW JERSEY OFFICE

ONE GATEWAY CENTER
NEWARK, NJ 07102

August 14, 2007

Robert L. Epstein, Esq.
Epstein Drangel Bazerman & James LLP
60 East 42nd Street, Suite 820
New York, NY 10165

Re:   CHARLOTTE®

Dear Mr. Epstein:

This letter is in response to your letter of August 13, 2007.

GMA's registration to the CHARLOTTE trademark in Class 25, which includes, among other items, "footwear", has been deemed incontestable by the USPTO pursuant to Section 15 of the Lanham Act in the same class of goods trafficked as CHARLOTTE by your client, Jimlar Corporation. GMA's incontestable registration is "conclusive evidence" of GMA's exclusive right to the CHARLOTTE trademark on the goods listed in the registration. 15 U.S.C. §1115(b); *Gucci America, Inc. v. Exclusive Imports International*, 2007 WL 840128 at *3 (S.D.N.Y. 2007).

Incontestable marks are "presumptively strong" as applied to the goods and services listed on the registration certificate. *Savin Corp v. Savin Group*, 391 F.3d 439, 457 (2d Cir. 2004); *see also 24 Hour Fitness, USA, Inc. v. 24/7 Tribeca Fitness, LLC*, 447 F.Supp.2d 266, 271 (S.D.N.Y. 2006) (an incontestable mark is deemed to be strong).

You claim that Jimlar "was not aware" of the CHARLOTTE trademark before using it. However, a simple trademark search would have revealed GMA's CHARLOTTE trademark in various classes including clothing, footwear, handbags, and others. Under the Lanham Act, federal registration of a trademark is deemed constructive notice of the registrant's claim of ownership of their trademark. 15 U.S.C. §1072; *Toyota Jidosha Kabushiki Kaisha v. Aliments Lexas Inc.*, 2004 WL 1304054 at * 8 (E.D.N.Y. 2004). Jimlar, as a company that according to your letter is very much aware of trademark rights, will likely be determined to be a willful infringer. *See International Star v. Tommy Hilfiger*, 80 F.3d 749, 753-54 (2d Cir. 1996) (a company cannot avoid a finding of knowledge by "covering their eyes and ears").

The addition of the Frye company name to the incontestable CHARLOTTE trademark does not excuse the infringement. *Home Shopping Club v. Charles of the Ritz Group*, 820 F.Supp.763, 769 (S.D.N.Y. 1993) (concluding that the addition of defendant's name increases the misappropriation in that it could lead a consumer to believe that there is a connection between the products where none exists). Here, contrary to your representation, the CHARLOTTE mark is displayed in the same size as Frye in the marketing of the Jimlar shoes.

The argument that third party use immunizes you from infringement is unsound. First, GMA has been aggressively policing the mark for many years, adding to the protection of CHARLOTTE. *The Morningside Group Ltd. v. Morningside Capital Group, L.L.C.*, 182 F.3d 133, 139 (2d Cir. 1999). Even if GMA had not policed the mark, which is far from the case, there must be evidence that third party use of the mark was in the same products and extensively promoted in order for any weakening to occur. *Scarves by Vera, Inc. v. Todo Imports, Ltd.*, 544 F.2d 1167 (2d Cir. 1976); *Polo Fashions, Inc. v. Extra Special Products, Inc.*, 451 F.Supp. 555, 559 (S.D.N.Y. 1978). Rest assured that the police program is and has been designed to eradicate other uses of the CHARLOTTE mark in the categories owned by GMA as well as related products. Controls are in place and we have launched formal and informal proceedings against violators and potential violators in a continuous campaign to induce compliance with the Lanham Act and protect the CHARLOTTE trademark registrations.

Your client's offer to "not use 'Charlotte' alone" does not adequately respond to the demands made by our client. Please comply with the demands contained in our letter of July 11, 2007 within 7 days.

Very truly yours,

Andrew T. Sweeney